FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 JUN 14  AM 11: 42

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BLAINE WILLIAMS                                              CIVIL ACTION

VERSUS                                                       NO. 05-1698

SHERIFF MARLIN GUSMAN, ET AL.                                SECTION "N" (1)

REPORT AND RECOMMENDATION

Plaintiff, Blaine Williams, a state inmate, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Orleans Parish Criminal Sheriff Marlin Gusman and the Louisiana Department of Public Safety and Corrections. Plaintiff claims that, while he was incarcerated within the Orleans Parish Prison system, he was denied access to an adequate law library, immediate access to legal assistance, and a transfer to a state institution.

On June 9, 2005, a Spears hearing was held to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[1] At that hearing, plaintiff was sworn and his testimony was recorded. Based on his

---

[1] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the

___ Fee _____
___ Process _____
_X_ Dktd _____
___ CtRmDep _____
___ Doc. No. _____

complaint and <u>Spears</u> hearing testimony, the Court finds that plaintiff is making the following allegations in support of his claims.

Plaintiff is currently incarcerated at the Allen Correctional Center, a state prison located in Kinder, Louisiana. The claims in the instant lawsuit arise from his period of incarceration within the Orleans Parish Prison system from October 26, 2004, until May 9, 2005.

Plaintiff's first two claims allege that his right to access to courts was denied by inadequacies in the Orleans Parish Prison system's law library and legal services program. He points to the fact that inmates are not provided "physical access to a walk-in law library." Rather, they are given access to legal advisers and a law book loan system. Plaintiff claims that he would "have to wait several days" to consult with a legal adviser. Plaintiff believes that he should have had immediate access to a law library so as to ensure that he would not miss any legal deadlines in his court cases. At the <u>Spears</u> hearing, he testified that he had not in fact missed any such deadlines while incarcerated within the Orleans Parish Prison system.

Plaintiff's third claim is that he should have been transferred to a state prison within one month of sentencing.

Plaintiff filed this lawsuit *in forma pauperis*.[2] An *in forma pauperis* complaint may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The United States Fifth Circuit Court of Appeals has noted, "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after

---

*pro se* applicant. Id.

[2]   Rec. Docs. 2 and 3.

service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted).

When evaluating the frivolousness of an action, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker v. Koonce, 2 F.3d 114, 115 & n.6 (5th Cir. 1993).

Construing plaintiff's complaint broadly,[3] and fully considering his Spears hearing testimony, the Court finds that the complaint should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

The Court first notes that plaintiff has named the Louisiana Department of Public Safety and Corrections as a defendant. The Eleventh Amendment bars lawsuits in federal court against that state agency. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir. 1999); see also Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir. 2002) (the Eleventh Amendment bars federal § 1983 lawsuits against Louisiana state agencies for both money damages and injunctive relief). Because sovereign immunity deprives the Court of

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

jurisdiction, claims barred by sovereign immunity should be dismissed without prejudice. Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996).

As to plaintiff's claims against Sheriff Gusman, those claims are frivolous for the following reasons.

Plaintiff's first two claims allege inadequacies in the Orleans Parish Prison system law library program and legal services. In Bounds v. Smith, 430 U.S. 817 (1977), the United States Supreme Court recognized that inmates are guaranteed under the Constitution a right of access to courts. The Bounds court required that prison officials provide inmates with "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." Id. at 825. However, the Court "did not create an abstract, freestanding right to a law library or legal assistance" in the prison. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Moreover, an inmate has a viable access-to-courts claim *only* if he can "demonstrate that his position as a litigant was prejudiced by his denial of access to the courts." McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998). "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." Lewis, 518 U.S. at 351.

When questioned at the Spears hearing, plaintiff could point to no instance in which his alleged denial of access to an adequate law library or legal assistance resulted in any missed deadlines or other prejudice in his court proceedings. Therefore, his claim necessarily fails.[4]

---

[4] Moreover, the Court notes that the constitutional adequacy of the law library program has often been challenged and found to meet constitutional standards. In fact, the library program currently in place within the Orleans Parish Prison system results from this Court's rulings in Howard v. Foti, Civil Action No. 82-460 c/w No. 84-499. In that case, the Court monitored the system's library program for a number of years. Monitoring finally ended on October 2, 2001, by agreement of the parties.

Plaintiff's third claim regarding the failure to expedite his transfer to a state facility is not cognizable in a federal civil rights action. A prisoner has no constitutional right springing from the Constitution itself or from any protected liberty or property interest arising from state law to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the Louisiana Department of Public Safety and Corrections be **DISMISSED WITHOUT PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's claims against Sheriff Marlin Gusman be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 13 day of June, 2005.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE